# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2022

Lyle W. Cayce
Clerk

No. 20-40796
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAYTHAN TREVONNE PHILLIPS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:20-CR-586-2

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Jaythan Trevonne Phillips appeals his bench-trial conviction on two counts of forcibly resisting a federal officer, a violation of 18 U.S.C. § 111(a)(1). Phillips argues that the evidence was not sufficient to support his convictions because it did not show that he forcibly resisted the two Customs

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40796

and Border Protection officers who extracted him from a vehicle. Phillips concedes that he failed to follow commands for him to exit the vehicle in which he was seated but contends that he did so passively.

Federal law punishes anyone who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with [a federal officer] while engaged in or on account of the performance of official duties." *See* § 111(a)(1). The trial evidence showed that the two officers had to forcibly remove Phillips from the vehicle. It also showed that Phillips struggled against the officers and tried to pull his body back into the vehicle. Viewing that evidence in the light most favorable to the Government and deferring to the district court's reasonable inferences, there was substantial evidence to support the district court's conclusion beyond a reasonable doubt that Phillips intended to and did use force to resist the two officers involved here. *See United States v. Tovar*, 719 F.3d 376, 388 (5th Cir. 2013); *United States v. Williams*, 602 F.3d 313, 314, 318 (5th Cir. 2010); *United States v. Rosas-Fuentes*, 970 F.2d 1379, 1381 (5th Cir. 1992); § 111(a)(1).

AFFIRMED.